IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-2, CONTROLLING A COMPUTER NETWORK AND THEREBY INJURING PLAINTIFF AND ITS CUSTOMERS,<br><br>Defendants. | Civil Action No: 1:17-cv-1224 |

## MICROSOFT'S EMERGENCY MOTION RE UNSEALING OF CASE

Plaintiff Microsoft Corp. ("Plaintiff") submits the following memorandum in support of its emergency motion to unseal documents.

## BACKGROUND

On October 26, 2017, Microsoft moved *ex parte* for an emergency temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(d) (the "Lanham Act") and 28 U.S.C. § 1651(a) (the "All Writs Act"), and an order to show cause why a preliminary injunction should not be granted. On October 27, 2017, the matter was heard and this Court granted Plaintiff's Application For An Emergency Temporary Restraining Order And Order To Show Cause Re Preliminary Injunction (the "TRO Application"). In connection with the TRO Application, this Court granted Plaintiff's Motion for Protective Order Sealing documents, directing that, pending the execution of the temporary restraining order, the instant case and all documents filed in this case be UNDER SEAL pursuant to Federal Rule of Civil Procedure

26(c)(1) such that they are not accessible on the Public Access to Court Electronic Records ("PACER") website or otherwise appear on the public docket.

This Court furthered ordered that the instant case and the above-referenced documents be unsealed immediately upon execution of the temporary restraining order and, to that end, ordered that Plaintiff file with the Clerk of the Court a Notice that the temporary restraining order had been executed such that the case and all documents filed in it may appear on the public docket and Plaintiff be permitted to disclose the case materials in their efforts to provide Defendants notice of the preliminary injunction hearing and service of the Complaint by publication and other means.

On October 31, 2017, Microsoft filed its Notice of Execution of *Ex Parte* Temporary Restraining Order and Notice re Unsealing Of Case.

Accordingly, Plaintiff hereby files this Emergency Motion Re Unsealing Of Case and certifies that, execution having been made pursuant to this Court's *Ex Parte* Temporary Restraining Order And Order To Show Cause Re Preliminary Injunction dated October 27, 2017, the instant case may be immediately unsealed such that all case materials previously filed UNDER SEAL be accessible on the PACER website, appear on the public docket, and publicized and/or otherwise disseminated by Plaintiff in connection with its efforts to provide Defendants with notice of the preliminary injunction hearing and service of the Complaint.

## ARGUMENT

The Court's emergency unsealing of this case is essential to further Microsoft's efforts to halt the operation and growth of Barium. This case needs to be unsealed to provide ample notice to John Does 1-2 ("Defendants") of the November 17, 2017 hearing requiring Defendants to show cause, if there is any, why this court should not enter a Preliminary Injunction, pending final ruling on the Complaint against the Defendants. Microsoft intends to immediately commence its efforts to provide such notice to Defendants.

The emergency unsealing of this case is also essential to provide timely notice to the public and potential victims of Defendants' actions. Barium has infected computing devices and computer networks, and have stolen sensitive information from innocent victims. It is in the

public's interest to be aware of the Defendants' tactics, and to further Microsoft's efforts to assist users whose computing devices and computer networks have been infected with and damaged by the Defendants. This is the same for Verisign, Inc., which complied with this Court's October 27, 2017 Temporary Restraining Order and must immediately notify the registrar(s) of the domain names at issue (listed in Appendix B of the Complaint) of the temporary restraining order.

Accordingly, sealing is no longer necessary, and Microsoft respectfully requests that this Court unseal all documents in this case.

## CONCLUSION

Therefore, for all the foregoing reasons, Microsoft requests that this case and the documents filed therein are unsealed.